JUSTICE KITTREDGE:
I concur in result but write separately to note my view that the result the Court reaches today is directly contrary to this Court’s decision in Bone v. U.S. Food Service, 404 S.C. 67, 744 S.E.2d 552 (2013). I joined the dissent in Bone, and I remain firmly convinced that Bone was wrongly decided and should be overruled. The majority maintains that this case is distinguishable from Bone because “the issue in this case is the meaning of the exception to a ‘final agency decision’ in § l-23-380(A).” Specifically, the majority cites to the provision in section 1-23-380 that states, “A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.” S.C. Code Ann. § 1-23-380 (Supp. 2015). The major *253 ity correctly finds “that review of the final agency decision would not provide Hilton with an adequate remedy, and he is therefore entitled to an immediate appeal.” But I respectfully disagree with the suggestion that Bone and this case involve “two different situations,” for the petitioners in Bone made the identical argument based on section 1-23-380 as that made by Hilton, i.e., that review of a final agency decision would not provide an adequate remedy. The Court rejected that argument in Bone, where it was far more compelling than it is in this case. See Bone, 404 S.C. at 74, 744 S.E.2d at 556 (concluding, after the circuit court ruled the employee—respondent suffered a compensable injury as a matter of law, that review of the Workers’ Compensation Commission’s final decision would provide the petitioners with an adequate remedy).
HEARN, J. concurs.